UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of a Subpoena Regarding:<br><br>23-121-04 | No. 4:23-mc-36<br><br>**APPLICATION FOR ORDER COMMANDING META PLATFORMS, INC., NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SUBPOENA** |

Regarding Subpoena No.: 2022R00126-007

The United States, through Assistant United States Attorney Ann M. Hoffman, hereby requests that the Court order Meta Platforms, Inc., not to notify any person (including the subscribers and customers of the account(s) listed in the subpoena) of the existence of the attached subpoena for a period of 90 days, subject to renewal, or until further order of the Court.

Meta Platforms, Inc., is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires Meta Platforms, Inc., to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

There is probable cause to believe that there exists information associated with the SUBJECT ACCOUNT that constitutes evidence or instrumentalities of criminal violations pertaining to certain activities relating to 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. § 912 (Impersonation).

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving target(s) an opportunity to flee from prosecution, destroy or tamper with evidence, or change patterns of

behavior.  *See* 18 U.S.C. § 2705(b).  Some of the evidence in this investigation is stored electronically.  If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

  WHEREFORE, the United States respectfully requests that the Court grant the order filed herewith directing Meta Platforms, Inc., not to disclose the existence or content of the attached subpoena, for a period of 90 days, subject to renewal, or until further order of the Court, except that it may disclose the attached subpoena to its attorney for the purpose of receiving legal advice.

  Dated this 4th day of April, 2023.

          ALISON J. RAMSDELL
          United States Attorney


          _____
          Ann M. Hoffman
          Assistant United States Attorney
          P.O. Box 2638
          Sioux Falls, SD 57101-2638
          Telephone:  (605)357-2363
          Facsimile:   (605)330-4410
          E-Mail: Ann.Hoffman@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of a Subpoena Regarding:

23-121-04

No. 4:23-mc-36

**ORDER COMMANDING META PLATFORMS, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SUBPOENA**

Regarding Subpoena No.: 2022R00126-007

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an order commanding Meta Platforms, Inc., an electronic communication service provider and/or a remote computing service, not to notify any person (including the subscribers and customers of the account(s) listed in the subpoena of the existence of the attached subpoena until further order of the Court.

The Court determines that there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving target(s) an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses. *See* 18 U.S.C. § 2705(b).

IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that Meta Platforms, Inc., shall not disclose the existence of the attached subpoena, or this order of the Court, to the listed subscriber or to any other person, for a period of 90 days, subject to renewal, or until otherwise authorized to do so by the Court, except that Meta Platforms, Inc., may disclose the attached subpoena to its attorney for the purpose of receiving legal advice.

Dated: April 4, 2023

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

Emailed AUSA Hoffman
djp